PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2001 Audi struck a hole on County Route 36 as claimant, Robert L. Rogers, was driving in Statts Mills, Jackson County. County Route 3 6 is a public road maintained by respondent. The Court is of the opinion to malee an award in this claim for the reasons more frilly stated below.
The incident giving rise to this claim occurred at approximately 8:15 p.m. on November 12,2008. At the time of the incident, claimants were traveling home from church. Robert Rogers testified that he was driving around a curve at between twenty and twenty-five miles per hour when their vehicle struck a hole on the edge of the pavement. Although the hole had existed at this location for approximately one month, Mr. Rogers was unable to avoid it due to an oncoming vehicle that was *55 traveling in the opposite lane. Melissa Rogers testified that the hole was between nine and eleven inches deep. As a result of this incident, claimants sustained damage to their vehicle in the amount of $993.05. Since claimants’ insurance deductible at the time of the incident was $500.00, their recovery is limited to that amount.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 36. Mike Donohew, Crew Supervisor for respondent in Jackson County, testified that County Route 3 6 is a second priority road in terms of its maintenance. Mr. Donohew was not aware of complaints regarding this hole prior to November 12, 2008.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and areasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimants’ vehicle struck and that the hole presented a hazard to the traveling public. The size of the hole leads the Court to conclude that respondent had notice of this condition. In addition, Mr. Rogers testified that the hole had existed at this location for approximately one month. Thus, the Court finds respondent negligent and claimants may make a recovery for the damage to their vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimants in the amount of $500.00.
Award of $500.00.